IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER G. ADAMS, an individual, STEPHEN MONGILLO, an individual, and ANNA MONGILLO, an individual<br>Defendants. | CV 13-85-BU-DLC-JCL<br><br>FINDINGS & RECOMMENDATION |

This life insurance interpleader action comes before the Court on Plaintiff Farmers New World Life Insurance Company's ("Farmers") motions for default judgment, discharge and dismissal, and attorney fees. Farmers' motions should be granted as set forth below.

## I.  **Background**[1]

---

[1] Where, as here, default has been entered against a defendant pursuant to Fed. R. Civ. P. 55(a), the factual allegations of the complaint are taken as true for purposes of entering a default judgment under Rule 55(b). *See, e.g., Geddes v. United Financial* Group, 559 F.2d 557, 560 (9th Cir. 1977). Consistent with this standard, the following facts are taken from both the Amended Complaint and the

1

Effective August 16, 2007, Farmers issued a life insurance policy ("the Policy") with a $250,000 death benefit to Christine Adams ("Christine"). (Doc. 4-2). On the Policy application, Christine designated her then-husband, Defendant Christopher Adams ("Christopher") as the primary beneficiary and her parents, Defendants Stephen and Anna Mongillo ("the Mongillos") as contingent beneficiaries, with each to receive 50% of the proceeds . (Doc. 4-2).

On November 28, 2012, the state court entered a Final Decree of Dissolution, dissolving the marriage between Christine and Christopher. (Doc. 15-1, at 5). Approximately four months later, on March 18, 2013, Christine died in a car accident. (Doc. 4, ¶ 9). The Policy was still in effect at the time of Christine's death. Christine had never updated her original beneficiary designation, leaving Christopher as the primary beneficiary and the Mongillos as contingent beneficiaries.

In a letter dated March 26, 2013, counsel for the Mongillos advised Farmers that Christine and Christopher had divorced, and asked Farmers to make no payment to Christopher because his status as the primary beneficiary had been automatically revoked pursuant to Montana's revocation-upon-divorce statute, Mont. Code Ann. § 72-8-214(2). (Doc. 15-1). Counsel attached a copy of

evidentiary materials of record.

Christine's death certificate to the letter, along with a copy of the Final Decree of Dissolution.  (Doc. 15-1).

On April 13, 2013, Christopher executed a Statement for Insurance Proceeds.  (Doc. 21-1).  Two weeks later, the Mongillos formally requested payment of the insurance proceeds.  (Doc. 21-2).   On April 30, 2013, Farmers sent separate letters to Christopher and the Mongillos advising them that if they were not able to resolve their dispute over the insurance proceeds, Farmers might find it necessary to file an interpleader action to determine the rightful beneficiary.  (Doc. 21-3).  The Mongillos responded on May 10, 2013, asking for immediate payment of the insurance proceeds and stating their position that payment to anyone else would be a breach of the insurance policy.  (Doc. 21-4).

Approximately six months later, in November 2013, Farmers commenced this interpleader action to determine the rightful beneficiary under the Policy. (Doc. 1, 4).  The Mongillos waived service and answered on January 13, 2014. (Doc. 6, 7, 8).  Christopher was personally served but failed to appear or answer, and on March 5, 2014, the Clerk entered default against him pursuant to Fed. R. Civ. P. 55(a).  (Doc. 13).  With leave of Court, Farmers deposited the $250,000 Policy proceeds and accrued interest into the Court's registry fund on April 11, 2014.  (Doc. 17, and  04/11/2014 Docket Remark).

Farmers now moves for entry of default judgment against Christopher

pursuant to Rule 55(b), for discharge and dismissal, and for an award of its attorney fees and costs.

## II. Discussion

### A. Default Judgment

Farmers seeks a default judgment declaring that it is not liable to Christopher for the Policy proceeds and permanently enjoining Christopher from bringing any claim against it relating to the Policy.[2] Before addressing Farmers' motion on the merits, the Court must assure itself both that it has subject matter jurisdiction over this action and personal jurisdiction over Christopher. *See* Fed. R. Civ. P. 12(h)(3); *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1990) (explaining that where a plaintiff seeks default judgment, the court may not assume the existence of personal jurisdiction).

Farmers alleges subject matter jurisdiction based on the Federal Interpleader Act, 28 U.S.C. § 1335, which gives the district court original jurisdiction over an interpleader action filed by a party having custody or possession of "money or property of the value of $500 or more," if two or more adverse claimants of diverse citizenship are "claiming or may claim" entitlement to the property and the

---

[2] The Mongillos do not oppose Farmers' motion, and because Christopher has not answered or otherwise appeared in the case, he has obviously not filed a response.

property has been deposited into the registry of the Court. 28 U.S.C. § 1335(a).

All of these jurisdictional requirements are satisfied here. First, Farmers filed this action because it had possession of the $250,000 in life insurance policy proceeds. Second, Christopher is a citizen of Montana (doc. 4, ¶ 2) and the Mongillos are citizens of Connecticut (doc 4, ¶ 3), which means they are "adverse claimants of diverse citizenship" for purposes of satisfying § 1335's minimal diversity requirement. *See e.g State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530-31 (1967); *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1265 (9th Cir. 1992). Finally, Farmers deposited the $250,000 at issue into the Court's registry on April 11, 2014. Farmers has thus established that this Court has subject matter jurisdiction over its statutory interpleader action pursuant to 28 U.S.C. § 1335.[3]

As the party seeking default judgment, Farmers must make a prima facie showing of personal jurisdiction. *See DFSB Kollective Co. Ltd. v. Bourn*, 897

---

[3] Farmers also alleges standard diversity jurisdiction under 28 U.S.C. § 1332, which provides a basis for subject matter jurisdiction in a Fed. R. Civ. P 22 interpleader action. Although Farmers' complaint does not cite Rule 22 as a basis for its claims, it is worth noting that complete diversity is evidently present because the amount in controversy exceeds the $75,000 statutory threshold and Farmers is incorporated in the State of Washington and has its principal place of business there, while the Mongillos are citizens of Connecticut and Christopher is a citizen of Montana. (Doc. 4, ¶ 4). And because Christopher was personally served at a residence that he owns in Montana, he is "found" in Montana for personal jurisdiction purposes.

F.Supp.2d 871, 885 (N.D. Cal. 2012). The Federal Interpleader Act authorizes nationwide service of process, which means that the district court has personal jurisdiction over all defendants that have been properly served, even if they lack minimum contacts with the forum state. 28 U.S.C. § 2361; *see* 4 Moore's Federal Practice, § 22.03[1][f] (Matthew Bender 3d ed.); *Hartford Life and Accident Ins. Co. v. Gomez*, 2014 WL 129052 *3 (D. Ariz Jan. 6, 2014). Because the record reflects that Christopher was personally served with process at his residence in Montana (doc. 9), Farmers has met its burden of showing that the Court has personal jurisdiction over him.

With the requirements for personal and subject matter jurisdiction thus satisfied, the Court turns to the merits of Farmers' motion. Farmers seeks entry of default judgment against Christopher pursuant to Fed. R. Civ. P. 55(b). Whether to grant default judgment is left to the court's sound discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the court should consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the

Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

On balance, these factors weigh in favor of entering default judgment in Farmers' favor against Christopher. First, Farmers would suffer prejudice if default judgment is not entered against Christopher because it would be denied the finality of a judgment protecting it from the risk of exposure to multiple future claims. *See e.g. Mack v. Kuckenmeister*, 619 F.3d 1010, 1025 (9th Cir. 2010) (an interpleader action serves the purpose of protecting the stakeholder from the risk of multiple litigation and liability).

The second and third factors also weigh in favor of default judgment. These two factors are considered together, and essentially require that "a plaintiff state a claim on which [it] may recover." *Pepsico, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Because default has been entered against Christopher pursuant to Fed. R. Civ. P. 55(a), the Court takes the factual allegations in the Amended Complaint as true for present purposes. *See Geddes*, 559 F.2d at 560. Because the Mongillos and Christopher presented Farmers with competing claims to the $250,000 in Policy proceeds over which it asserts no interest, Farmers has stated a claim for statutory interpleader.

The fourth factor, the sum of money at stake, is neutral. Even if the sum of

money at issue in an interpleader action is substantial, this factor is typically neutral because the interpleading party is not asserting an interest in the money or seeking damages. *See Gomez,*, 2014 WL 129052 * 5.

The fifth and sixth factors both weigh in favor of default judgment as well. Because Christopher did not file an answer or otherwise appear in the case, the facts alleged in the Amended Complaint have been accepted as true and there is no indication that any material factual dispute exists. Nor is there any indication that Christopher's failure to appear was due to excusable neglect. The record reflects that he was personally served, but for whatever reason chose not to answer or participate in the suit.

Under the seventh factor, the Court is to consider the policy favoring decisions on the merits. Here, it is important to note that Montana's revocation-upon-divorce statute, Mont. Code Ann. § 72-8-214(2) appears to have divested Christopher of any interest in the proceeds of Christine's life insurance policy. *See Thrivent Financial for Lutherans v. Andronescu*, 300 P.3d 117 (Mont. 2013). But even assuming that is not the case and this factor weighs against default judgment, the other six *Eitel* factors weigh heavily in favor of entering default judgment in Farmers' favor against Christopher. Farmers motion for entry of default judgment should be granted, and Farmers should be discharged from

further liability under the Policy and dismissed from this action.

B.  **Motion for Attorney Fees and Costs**

Farmers moves for attorney fees and costs under 28 U.S.C. § 2361, which authorizes the court to "make all appropriate orders to enforce its judgment." In an interpleader action like this one, whether to award attorney fees to the disinterested stakeholder is within the court's discretion. *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984). Nonetheless, "the proper rule...is that the plaintiff should be awarded attorney fees for the services of [its] attorneys in interpleading." *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.3d 188, (9th Cir. 1962).

As a general matter, a court will award fees from the funds that are the subject of the interpleader where "(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Sun Life Assurance Co. of Canada v. Estate of Chan*, 2003 WL 22227881 *3 (N.D. Cal. Sept. 22, 2003) (citing *Septembertide Publ'g v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989)). A disinterested stakeholder is typically entitled to fees "because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because [it] is the mutual target in a dispute

9

which is not of [its] own making." *Sun Life*, 2003 WL 22227881 *3 (quoting 3A *Moore's Federal Practice*, at 22-171, 22-173). Consistent with this rationale, the "test for determining attorneys fees in an interpleader action is less rigorous than the more elaborate factors used to consider fee awards in other contexts." *Sun Life*, 2003 WL 22227881 *3. The court has broad discretion not only with respect to whether to award fees in the first place, "but also with respect to the amount of fees to which an interpleader plaintiff is entitled." *Sun Life*, 2003 WL 22227881 *3 (citing *Trustee of Directors Guild of America Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000)).

Farmers moves for $12,340.00 in attorney fees and $2,087.71 in costs, and has submitted a supporting affidavit with redacted billing statements detailing the hours expended, amounts billed, and work performed. (Doc. 21-5, ¶¶ 7 & 8). Although the Mongillos advised Farmers that they oppose its motion, they did not file a response brief. The deadline for doing so passed nearly a month ago. Under Local Rule 7.1(d)(1)(B)(ii), "failure to timely file a response brief may be deemed an admission that the motion is well-taken."

More importantly, it is clear that the criteria for an award of attorney fees are satisfied here. Farmers is a disinterested stakeholder and has conceded that it is liable to the rightful beneficiary for the Policy's $250,000 death benefit. (Doc.

4, ¶ 13). Farmers has deposited those funds, plus accrued interest, into the Court's registry and has sought a discharge from liability both in the Amended Complaint and by way of the present motion. (Doc. 4, at 5 ¶ 3).

While the Court thus finds that Farmers is entitled to attorney fees and costs, the amount sought is excessive under the circumstances. Farmers seeks attorney fees in the amount of $12,340.00, representing for 61.7 hours of work at a rate of $200 per hour. (Doc. 21-5). Farmers claims the amount sought is reasonable because the case was complicated by the fact that Christopher defaulted, which is unusual in an interpleader. By and large, however, this was a straightforward and short-lived interpleader action that did not involve any particularly complex issues. The Court finds upon a thorough review of the record and an assessment of the issues presented that the $12,340.00 in attorney fees sought by Farmers is unreasonable, and will reduce it by two-thirds to $4,113.33  Farmers also seeks $2,087.71 in costs, including filing fees, services costs, legal research expenses, and copy charges. The Court finds this amount unreasonable as well, and will reduce it by two-thirds, for an award of $695.90. Farmers is thus entitled to a reasonable award of attorney fees and costs in the amount of $4,809.23.

### III.  Conclusion

For the reasons set forth above

IT IS RECOMMENDED that:

(1) Farmers' Motion for Default Judgment against Defendant Christopher Adams be GRANTED;

(2) Farmers' Motion for Attorney Fees and Costs be GRANTED in the amount of $4,809.23, and

(3) Farmers' Motion for Discharge and Dismissal be GRANTED, so that it is discharged from all liability with respect to the Policy and dismissed from this action.

DATED this 19th day of June, 2014

                              Jeremiah C. Lynch
                              United States Magistrate Judge